LEE MARTIN, Respondent, v. FARMERS COAL COMPANY, Appellant.

Kansas City Court of Appeals, November 3, 1913.

1. NEGLIGENCE: Coal Mines: Drivers. The plaintiff sued to recover personal injuries sustained while being employed as a driver in the defendant's coal mine. The mine is what is known as a drift mine. The plaintiff drove in a load of empty cars, and proceeded to hitch his mule to a loaded train, which was beyond the empty train. Before he started out another driver dumped his empty train on top of the one that the plaintiff left, leaving one of the cars obstructing the track. The lights were very dim on account of the bad air in the mine and the plaintiff on his outward journey with his loaded train failed to see the obstructing car and his foot was crushed between it and the one on which he was riding. *Held*, that the demurrer to the evidence was properly overruled, the question of contributory negligence being an issue of fact for the jury to determine.

2. EVIDENCE: Contributory Negligence: Illumination. It is not error to admit evidence tending to show that there was bad air in the mine which greatly diminished the illuminating power of the lights carried by the miners and those maintained in the mine by defendant, when such evidence has a direct bearing on the issue of contributory negligence.

3. ————: Relevant and Material: Admissibility. Evidence that is competent, relevant and material on a contested issue is always admissible whether or not it would tend to support a different cause from that pleaded in the petition. The proper practice is to admit the evidence and by instruction restrict its scope to the issues made by the pleadings.

4. INSTRUCTIONS: Facts not Essential: Reversal of Judgment. Where an instruction requires a plaintiff to establish a fact not essential nor even pertinent to his cause of action it is error, but if it is against the plaintiff alone and harmless, it does not constitute a good ground for the reversal of a judgment.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED.

*Chiles & Chiles* for appellant.

*Charles Lyons* and *Alexander Graves* for respondent.

JOHNSON, J.—Plaintiff was injured while employed in a coal mine operated by defendant in Lafayette county and prosecutes this action to recover his resultant damages on the ground that his injury was caused by negligence of defendant. A trial of the issues raised by the pleadings resulted in a verdict and judgment for plaintiff in the sum of $550 and the cause is here on the appeal of defendant.

The mine in which plaintiff was employed is what is known as a drift mine. Its main entrance horizontally penetrated a hillside and diverged into several branches leading to different places where coal was being mined. There was a double track railway in the main entrance and a single track railway in each of the branch passageways. At the end of each single track there was a short switch track on which empty coal cars or boxes, as they were called by the miners, would be placed until they were required to be loaded with coal. Mules were used to haul in trains of empty cars and bring out trains of loaded cars. Plaintiff was employed as a driver and shortly before the injury took in a train of empty cars to the end of one of the single lines and, finding no room on the switch track, he removed them from the main track to a vacant space between that track and the wall. Then he proceeded to hitch his mule to a train of loaded cars standing on the main track a short distance beyond the place where he had dumped the empty cars. Before he started out with the loaded train another train of empty cars came in and the driver dumped his cars on top of those left by plaintiff but in such manner, so plaintiff contends, that one of the cars obstructed the track. Plaintiff states that on account of bad air

in the mine the lights were dim and while he saw the last train come in and saw the driver dump the cars, he did not and could not see that one of them had been left in a position to obstruct the free passage of the loaded train. Plaintiff seated himself on the front end of the first loaded car near the middle with his left leg drawn up under him and his right leg hanging down in front. The obstruction did not interfere with the progress of his mule but it struck the front end of the train and crushed plaintiff's right foot and ankle. The track was about two feet wide and the cars extended out about eight inches on each side. The cars when empty weighed about 240 pounds and when loaded from 1200 to 1800 pounds. The method of dumping cars in the space at the right of the track was that usually pursued in the mine when the switch track became full and the negligence on which plaintiff founds his cause of action is the act of his fellow-servant in dumping and leaving a car in a position to interfere with the free passage of trains on the main track.

The petition alleges "that defendant, its agents and servants, at this time had carelessly and negligently obstructed the track on which plaintiff was then driving said load of coal by leaving partly thereon an empty car which it was defendant's duty to have entirely removed so as to allow free passage to the loaded car in the charge of plaintiff and that defendant knew or by the exercise of ordinary care and caution could have known that said empty car was partly on said track and that said track was thereby obstructed and likely to produce the injuries hereinafter named; that the plaintiff relying upon a clear track ahead drove his loaded car forward into darkness, resulting in a violent collision between the two coal cars whereby plaintiff's right leg was caught between the said cars and the bones thereof were broken and crushed in three places and the ankle and ligaments torn and wrenched whereby plaintiff is permanently

injured. Plaintiff avers that he was in the exercise
of ordinary care and caution during the entire time
and that said accident and said injury were caused
solely by said negligence and carelessness of defend-
ant, its agents and servants.''

Defendant insists that the court erred in refusing
its request for a peremptory instruction.

The evidence of plaintiff will support a reasonable
conclusion that his injury was caused by negligence
of his fellow-servant, the operator of the second train
of empty cars, and defendant became liable to plaintiff
for the damages he sustained in consequence of such
negligence. Section 5440, Revised Statutes 1909, pro-
vides that ''every person, company or corporation op-
erating a mine or mines in this State producing lead,
zinc, coal or other valuable minerals, shall be liable for
all damages sustained by any agent or servant there-
of while engaged in operating such mine or mines, by
reason of the negligence of any other agent or serv-
ant thereof: Provided, that it may be shown in de-
fense that the person injured was guilty of negligence
contributing as a proximate cause to produce the in-
jury.''

Defendant does not contend that no negligence for
which it would be liable is disclosed by plaintiff's evi-
dence, but does argue that plaintiff was guilty in law
of contributory negligence that should preclude him
from maintaining this action. We think the question
of his contributory negligence is shown by the plead-
ings and evidence to be an issue of fact for the jury.
The darkness at the scene of the injury appears to
have been of a degree that enabled plaintiff to note
the general operations of the second train but not to
discover that one car had been left in a dangerous posi-
tion. We cannot say that he would have discovered the
position of that car had he made reasonable use of his
eyes. Whether he would or not was a question for the
jury. Nor can we say that he assumed a more dan

gerous position than was necessary in riding with one leg hanging down in front of his car. The evidence shows that he rode in the usual place on the train and in the customary way, and we think that no issue either of law or fact may be predicated of the method of work he followed.

The demurrer to the evidence was properly overruled.

Complaint is made of the admission of evidence tending to show there was bad air in the mine which greatly diminished the illuminating power of the lights carried by the miners and maintained in the mine by defendant. This evidence had a direct bearing on the issue of contributory negligence and was properly admitted. In an instruction given at the request of defendant its scope was expressly restricted to that issue and the contention that it enlarged the cause of action pleaded in the petition to include one falling within the purview of sections 8445 and 8447, Rev. Stat. 1909, is not well grounded. Evidence that is competent and is relevant and material to a contested issue in the case is always admissible whether or not it would tend to support a different cause from that pleaded in the petition. In such instances the proper practice is to do what was done in this case—receive the evidence and by instruction restrict its scope to the issues made by the pleadings.

Instruction numbered 2, given at the request of plaintiff is subject to the criticism that it required the plaintiff to establish a fact not essential nor even pertinent to his cause. It was immaterial whether the defect had existed a sufficient time for defendant to have discovered and removed it. The gist of plaintiff's cause was the act of a fellow-servant in negligently creating the defect, not the omission of the master to exercise reasonable care to maintain the servant's place of work in a reasonably safe condition. The error, however, being against plaintiff alone, was harmless

and, therefore, cannot be regarded as a good ground for a reversal of the judgment.

There is no prejudicial error in the record and the judgment is affirmed. All concur.